# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

Honeywell International Inc.,

    Plaintiff,

       v.

Eyelation, LLC,

    Defendant.

Case No. 1:17-cv-510

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff Honeywell International Inc. ("Honeywell"), for its Complaint against Defendant Eyelation LLC ("Eyelation"), states as follows:

### NATURE OF THE ACTION

1.    Honeywell and Eyelation have an exclusive distributor relationship for the marketing and sale of Honeywell-branded protective eyewear through automated kiosks that are manufactured by Eyelation and placed at industrial worksites. Under that contract and related agreements, Eyelation agreed to make certain payments, issue certain credits, and apply certain discounts for the benefit of Honeywell. Eyelation also agreed not to sell any products or services into the industrial market for safety products unless through Honeywell or with Honeywell's prior approval. Eyelation has breached these contracts by failing to make payments, issue credits, and apply discounts as contemplated by the parties,

and by selling products in the industrial channel in violation of its exclusivity obligations to Honeywell. Honeywell is entitled to judgment against Eyelation for money damages in excess of $1.2 million and an order requiring Eyelation to abide by its exclusivity agreement.

## PARTIES

2.      Honeywell is a corporation that is organized and existing under the laws of Delaware with its principal place of business in New Jersey.

3.      Eyelation is a limited liability company. On information and belief, Eyelation has a single member who resides in Illinois.

## JURISDICTION AND VENUE

4.      This Court has subject-matter jurisdiction under 28 U.S.C. § 1332, because complete diversity of citizenship exists between Honeywell and the members of Eyelation, and the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

5.      This Court has personal jurisdiction over the parties because the Honeywell business unit tasked with carrying out the distributor agreement is located primarily in Rhode Island and Eyelation has sold kiosks to, had relevant communications with, and failed to make payments, credits, and discounts to a Honeywell business unit in Rhode Island.

6.     Venue is proper in this District under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to this action occurred in this District, as described in Paragraph 5 of this Complaint.

## FACTUAL ALLEGATIONS

**A.     Eyelation's Breaches of the Distributor Agreement.**

7.     On December 18, 2013, Honeywell, through its Safety Products Business, and Eyelation entered into a Distributor Agreement (attached as Exhibit A) for the marketing and sale of Honeywell-branded prescription safety eyewear through Eyelation-made automated kiosks at industrial worksites.

8.     Under the Distributor Agreement and related agreements, in relation to kiosk financing and eyewear orders, Eyelation agreed to make payments, issue credits, and apply discounts for the benefit of Honeywell.

9.     Eyelation has failed to make payments, issue credits, and apply discounts as promised. As a result, it currently owes Honeywell approximately $912,833, of which $517,534 is past due.

10.     Also under the Distributor Agreement, Eyelation agreed not to sell any products or services in the Industrial Channel, as defined in the Distributor Agreement, unless through Honeywell or with Honeywell's prior approval.

11.     On information and belief, Eyelation has violated that promise by offering certain "dress" eyewear for sale in the Industrial Channel without Honeywell's involvement or consent.

**B.      Eyelation's Breaches of the Settlement Agreement.**

12.     On December 17, 2013, Honeywell, through its Safety Products Business, and Eyelation entered into a letter agreement ("Settlement Agreement") (attached as Exhibit B) regarding the treatment of previous accounts between Honeywell and Eyelation.

13.     Under the Settlement Agreement, Eyelation agreed to make to Honeywell 24 monthly payments totaling $198,450 and a one-time credit of $105,000.

14.     Eyelation has failed to make the payments and issue the credit to Honeywell that were required by the Settlement Agreement. As a result, it currently owes Honeywell $303,450.

## CAUSES OF ACTION

### Count I – Breach of Contract (Money Due)

15.     Honeywell restates all previous paragraphs of this Complaint.

16.     Honeywell and Eyelation entered into the Distributor Agreement, the Settlement Agreement, and other related agreements pursuant to which Eyelation

agreed to make certain payments, issue certain credits, and apply certain discounts for the benefit of Honeywell, as specified above.

17.     Honeywell has performed all material terms of the Distributor Agreement.

18.     Eyelation has breached the Distributor Agreement, the Settlement Agreement, and other related agreements.

19.     As a direct result of Eyelation's breaches, Honeywell has been damaged in an amount in excess of $75,000, and which will be proven at trial.

## COUNT II – Breach of Contract (Exclusivity)

20.     Honeywell restates all previous paragraphs of this Complaint.

21.     Honeywell and Eyelation entered into the Distributor Agreement, under which Eyelation agreed not to sell any products or services in the Industrial Channel as specified above.

22.     Honeywell has performed all material terms of the Distributor Agreement.

23.     By selling certain of its products in the Industrial Channel without Honeywell's involvement or consent, Eyelation has breached and continues to breach the Distributor Agreement.

24.     As a direct result of Eyelation's breaches, Honeywell has been damaged in an amount in excess of $75,000, and which will be proven at trial.

## <u>COUNT III – Specific Performance (Exclusivity)</u>

25.     Honeywell restates all previous paragraphs of this Complaint.

26.     Honeywell and Eyelation entered into the Distributor Agreement, under which Eyelation agreed not to sell any products or services in the Industrial Channel as specified above.

27.     Honeywell has performed all material terms of the Distributor Agreement.

28.     By selling certain of its products in the Industrial Channel without Honeywell's involvement or consent, Eyelation has breached and continues to breach the Distributor Agreement.

29.     Honeywell has been and will be irreparably harmed by Eyelation's failure to fulfill its exclusivity obligations under the Distributor Agreement.

30.     Honeywell is entitled to specific performance, compelling Eyelation to immediately stop offering for sale or selling any of its products or services into the Industrial Channel, as defined in the Distributor Agreement.

## PRAYER FOR RELIEF

**WHEREFORE**, Honeywell respectfully requests that this Court:

a.     Enter judgment for Honeywell and against Eyelation for all damages caused by Eyelation's wrongful actions;

b.      Enter judgment for Honeywell and against Eyelation for specific performance, compelling Eyelation to abide by its obligations under the Distributor Agreement;

c.      Award Honeywell all pre-judgment and post-judgment interest as allowed by law;

d.      Award Honeywell its costs and disbursements incurred in this action; and

e.      Award Honeywell any other relief as the Court deems just, proper, and equitable.

/s/ Robert J. Cavanagh, Jr.
Robert J. Cavanagh, Jr. (#8589)
Blish & Cavanagh, LLP
30 Exchange Terrace, 3rd Floor
Providence, RI 02903
rjc@blishcavlaw.com
Tel: (401) 831-8900
Fax: (401) 751-7542

Attorney for Plaintiff Honeywell
International, Inc.

Mark L. Johnson
Aaron P. Knoll
Greene Espel, PLLP
222 S. Ninth Street, Suite 2200
Minneapolis, MN 55402
mjohnson@greeneespel.com
aknoll@greeneespel.com
(612) 373-0830

Of counsel for Plaintiff Honeywell
International, Inc.

Dated: November 3, 2017